PER CURIAM.
This matter is before the Court on the Referee’s Report and Record, Petition for Review, Voluntary Dismissal of Petition for Review, and Petition for Approval of Stipulation of Parties (Consent Judgment) and Entry of Final Order of Discipline.
Upon consideration of the Voluntary Dismissal of the Petition for Review filed by Respondent, it is ordered that said Petition is hereby dismissed.
On January 25, 1980, The Florida Bar filed its Petition alleging:
1. In Supreme Court Case No. 57,865, The Florida Bar Case Nos. 11L78M15 and 11L78M46, the Report of Referee . recommended that the Respondent be found guilty of violating two counts of DR 6-101(A) and three counts of DR 6-101(A)(3), and that he be suspended for a period of six months and thereafter until he shall prove his rehabilitation.
2. In the Stipulation of Parties, Mr. London has agreed to be suspended for a period of six months, and thereafter, until he shall prove his rehabilitation. Further, Mr. London has agreed to withdraw his Petition for Review in Case No. 57,-865.
3. The following Florida Bar eases are pending against Seymour London, the Respondent:
(a) The Florida Bar Case No. 11L79M47, complaint of Randall Myers, involving neglect of a legal matter entrusted to his care and failing to deliver to the client a check which the client was *1225 entitled to receive. The Grievance Committee found Probable Cause on September 20, 1979.
(b) The Florida Bar Case No. 11L79M49, complaint of Dr. Gilbert Weiss, involving failure to remit on behalf of his client monies due a third party for services rendered to said clients. The Grievance Committee found Probable Cause on September 20, 1979.
(c) The Florida Bar Case No. 11L80M18, complaint of Wanda M. Taylor, involving neglect of a legal matter entrusted to his care. This case is pending before the Grievance Committee.
(d) The Florida Bar Case No. 11L80M21, complaint of Fannie Miller, involving failure to deliver to his client funds in his possession which the client is entitled to receive. This case is pending before the Grievance Committee.
(e) The Florida Bar Case No. 11L80M25, complaint of Robert Espland, involving neglect of a legal matter. This matter is under investigation.
(f) The Florida Bar Case No. 11L80M33, complaint of Brenda Sue Mal-lon involving neglect of a legal matter. This matter is under investigation.
(g) The Florida Bar Case No. 11L80M44, complaint of Samuel Rawlins, involving neglect of a legal matter. This matter is under investigation.
4.Pursuant to the Stipulation of Parties, The Florida Bar will:
(a) Stay the proceedings in the cases enumerated above in paragraphs 3(a) through 3(g) which involve the charge of neglect until such time as the Respondent proves himself to be rehabilitated and is reinstated to the Practice of Law pursuant to [a]rticle XI, Rule 11.11, The Integration Rule of The Florida Bar.
(b) Dismiss any pending cases against the Respondent involving neglect and will not prosecute any other complaints which involve neglect that occurred prior to the date of this agreement at such time as the Respondent has rehabilitated himself and is reinstated to the practice of law.
(c)Determine whether the cases involving trust fund violations, mentioned above in paragraphs 3(a), (b) and (d), occurred due to the neglect of the Respondent or due to misappropriation on the part of the Respondent; any case due to neglect will be dismissed as discussed in paragraph 4(b) above, while any case due to misappropriation may be prosecuted by The Florida Bar.
5. Any complaints filed against the Respondent after the date of the Stipulation of Parties which involve charges other than neglect may be prosecuted by The Florida Bar.
6. Seymour London, the Respondent, is presently a patient in Institute of Living, in Hartford, Connecticut, and is being treated for a drinking problem which the respondent alleges is the cause of his neglect of his legal practice.
7. Pursuant to the Stipulation of Parties, Seymour London, the Respondent agrees:
(a) To make restitution to any clients who were injured by his actions, either through his malpractice carrier, or personally.
(b) To cooperate with any investigation conducted by The Clients’ Security Fund of The Florida Bar.
(c) To a waiver of confidentiality regarding the above-mentioned cases.

8. At its January 1980 [sic] meeting, [t]he Board of Governors of The Florida Bar approved the Stipulation of Parties,

The Petition for Approval of Stipulation of Parties (Consent Judgment) is approved, and Respondent, Seymour London, is hereby suspended from the practice of law for a period of six months effective May 19,1980, and thereafter, until he shall prove his rehabilitation pursuant to article XI, Rule 11.11 of the Integration Rule of The Florida Bar; and it is further
ORDERED that this suspension shall be effective May 19, 1980, thereby giving Respondent thirty (30) days to close out his *1226 practice and take the necessary steps to protect his clients; and it is further
ORDERED that Respondent shall not accept any new business.
Costs in the amount of $1,073.01 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD and McDONALD, JJ., concur.
OVERTON, SUNDBERG and ALDERMAN, JJ., dissent.